IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

LEMETRIUS LAMAR MALONE,    :
    :
    Petitioner,    :
    :    CRIMINAL NO. 03-00079-CG
vs.    :    CIVIL ACTION NO.12-00562-CG
    :
UNITED STATES OF AMERICA,    :
    :
    Respondent.    :

## REPORT AND RECCOMENDATION

This action, which is before the Court on Lemetrius Lamar Malone's petition for habeas corpus relief under 28 U.S.C. § 2255 (Doc. 111), has been referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 8 of the Rules Governing Section 2255 Cases. Following a careful review of the record, the undersigned recommends that the instant petition be dismissed, without prejudice, as premature.

**I.   Background**

On May 26, 2003, Petitioner Malone pled guilty to one count of conspiracy to possess with intent to distribute crack cocaine in violation of 21 U.S.C § 846. (Doc. 41). Later, on September 25, 2003, Malone was sentenced to 60 months imprisonment, and a 4 year term of supervised release. (Doc. 55). Judgment was entered on October 2, 2003. (Id.). After serving his custodial sentence, Malone was placed on supervised release on February 21, 2008.

His supervised release term was to expire on February 20, 2012. (Doc. 78 at 1).

Malone was arrested on March 19, 2009, and charged with possession of marijuana in the 1st degree, and possession of narcotic paraphernalia. (Doc. 78). As a result, the U.S. Probation Office petitioned this Court to revoke Malone's supervised release. (Id.). Malone waived his right to a revocation hearing, and on April 27, 2009, he was sentenced to 14 months imprisonment. He was also sentenced to a supervised release term of 30 months. (Doc. 87). Malone did not appeal the judgment. (Doc. 88).

On April 12, 2010, Malone was released from custody and placed on supervised release. (Doc. 89). Malone was arrested on April 4, 2012, and charged with possession of marijuana in the 2nd degree, and possession of narcotic paraphernalia. (Id.) As a result, the U.S. Probation Office filed a petition to revoke Malone's supervised release. (Id.). Malone waived his right to a revocation hearing, and his supervised release was revoked on May 22, 2012. (Docs. 98, 99). Malone was sentenced to 22 months imprisonment. (Doc. 99). Subsequent thereto, Malone, on June 4, 2012, filed a Notice of Appeal. (Doc. 101). In the Notice, Malone seeks to appeal his May 22, 2012 sentence. (Id.)

On or about August 31, 2012, Malone filed the instant Motion

2

to Vacate, Set Aside, or Correct Sentence pursuant to § 2255. (Doc. 111). In his motion, Malone attacks his May 22, 2012 sentence. (Id.). Malone alleges that his counsel failed to advise him of 5K2.0 departures.[1] Malone also argues that the Court should consider releasing him because his children have been placed in state custody. (Id.).

## II.  **Analysis**

To state a claim for relief under § 2255, a petitioner must show that one of the following occurred: (1) the sentence was "imposed in violation of the Constitution or laws of the United States"; (2) the "court was without jurisdiction to impose such sentence"; or (3) the "sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Section 2255 further requires that a federal prisoner file a § 2255 motion to vacate his sentence within one year of, *inter alia*, the date his judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). Ordinarily, a conviction becomes final once the opportunity for direct appeal has been exhausted. Akins v. United States, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000)

---

[1]  Pursuant to the Federal Sentencing Guidelines 5K2.0 allows the sentencing court to impose an upward or downward departure to the applicable sentencing guideline range based upon the unique

The general rule is that, absent extraordinary circumstances, criminal defendants may not seek collateral relief, including the filing of a § 2255 motion, during the pendency of a direct appeal, as the disposition of the appeal may render the motion moot. United States v. Khoury, 901 F.2d 975, 976 n.1 (llth Cir.), *modified on other grounds*, 910 F.2d 713 (llth Cir. 1990); Welsh v. United States, 404 F.2d 333 (5th Cir. 1968)("A motion to vacate sentence under 28 U.S.C. § 2255 will not be entertained during the pendency of a direct appeal, inasmuch as the disposition of the appeal may render the motion moot");[2] United States v. Casaran-Rivas, 311 Fed. Appx. 269, 272 (11th Cir. 2009) (unpublished) ("[A]bsent extraordinary circumstances, a defendant may not seek collateral relief while his direct appeal is pending, as the outcome of the direct appeal may negate the need for habeas relief... [T]he district court should have dismissed [the] ... motion as premature."); Capaldi v. Pontesso, 135 F.3d 1122, 1124 (6th Cir. 1998) ("[I]n the absence of extraordinary circumstances, a district court is precluded from considering a § 2255 application for relief during the pendency of the applicant's direct appeal"); United States v.

---

[2]  The Eleventh Circuit in Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

Davis, 604 F.2d 474, 484 (7th Cir. 1979) ("Ordinarily a [§] 2255 action is improper during the pendency of an appeal from the conviction"); Jack v. United States, 435 F.2d 317, 318 (9th Cir. 1970)("Except under most unusual circumstances, not here present, no defendant in a federal criminal prosecution is entitled to have a direct appeal and a § 2255 proceeding considered simultaneously in an effort to overturn the conviction and sentence.").

Malone currently has an appeal of his conviction pending in the United States Court of Appeals for the Eleventh Circuit. (Docs. 100, 103). As such, this Court lacks jurisdiction to consider a § 2255 motion at this time. See United States v. Dunham, 240 F.3d 1328, 1329-1330 (11th Cir. 2001) (district court lacked jurisdiction over § 2255 motion during the pendency of direct appeal). Further, Malone has not presented any extraordinary circumstances justifying immediate review. Accordingly, the undersigned recommends that his § 2255 motion be denied.

Under 28 U.S.C. § 2253(c)(2), a certificate of appealability shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." Here, Malone has not made a showing of the denial of a constitutional right, because he may not file a § 2255 motion while a direct appeal is

5

pending.   Thus, the undersigned recommends that a certificate of appealability be DENIED.

**III.** **Conclusion**

For these reasons, the undersigned recommends that this Court dismiss, without prejudice, Petitioner's petition under 28 U.S.C. § 2255 as prematurely filed.   The dismissal is without prejudice to Petitioner's right to file a new habeas petition after the disposition of his direct appeal.   Additionally, the undersigned recommends that a certificate of appealability be DENIED.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the **12th** day of **December, 2012.**

**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**

6

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1. **Objection**.   Any party who objects to this recommendation, or anything in it, must, within **fourteen days** of the date of service of this document, file specific written objections with the Clerk of this Court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.   *See* 28 U.S.C. § 636(b)(1)(C); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988); <u>Nettles v. Wainwright,</u> 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).   The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[3] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

---

[3]  Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Transcript (Applicable Where Proceedings Tape Recorded)**. Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.